UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INSECO, INC., a Florida
corporation,

    Plaintiff,

v.                                        Case No.:  2:23-cv-550-SPC-NPM

US DURALAST, INC., JOHN DOE,
JANE DOE, XYZ COMPANIES,
JOHN HUTCHINS, II and JACOB
MCCLUSKEY,

    Defendants.
_____/

**STIPULATED ORDER FOR PRELIMINARY RELIEF**

Before the Court is Plaintiff Inseco, Inc.'s Verified Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a). (Doc. 32). Plaintiff seeks a preliminary injunction against Defendants US Duralast, Inc.[1], John Hutchins II, Jacob McCluskey (pro se), and unknown individuals and companies to enjoin the sale, auction, and/or transfer of the "sealrx.com" domain name and the further linking and redirection of the domain name "sealrx.com" ("Domain Name") to any website pending entry of a final judgment or other disposition of the case. The parties have reached an agreement about Plaintiff's requested relief, with no admissions from any

---

[1] Duralast is a Kansas corporation that business as Amazing Garage Floors.

party. (Doc. 36-1). They have done so to conserve resources and eliminate disputes before the Court. So, based upon the parties' stipulation, the Court enters this Order.

Accordingly, it is

**ORDERED**:

1. Plaintiff Inseco, Inc.'s Verified Motion for Preliminary Injunction (Doc. 32) is **DENIED as moot** because of the parties entering the Joint Stipulation for Entry of Order for Preliminary Relief (Doc. 36; Doc. 36-1).

2. The Joint Stipulation for Entry of Order for Preliminary Relief (Doc. 36) is **GRANTED**.

3. Duralast, Hutchins, McCluskey, John Doe, Jane Doe, and XYZ Companies are immediately **ENJOINED and RESTRAINED** from:

   a. linking and redirecting the Domain Name to any website during the pendency of this lawsuit;

   b. selling, auctioning, and/or transferring ownership of the Domain Name to any other individual or entity during the pendency of this lawsuit;

   c. aiding, abetting, assisting or acting individually or in concert with each other to link and/or redirect the Domain Name to any website during the pendency of this lawsuit;

    d. aiding, abetting, assisting, or acting individually or in concert with each other to sell, auction, and/or transfer ownership of the Domain Name to any other individual or entity during the pendency of this lawsuit.

4. Plaintiff need not post a security bond in relation to this Order.

5. This Order is made per the parties' agreement for efficiency's purposes, without the necessity or implication of any findings or conclusions, and is without prejudice to all claims, defenses, arguments, and positions the parties may take in this action, as well as without prejudice and subject to the final resolution of this lawsuit.

**DONE** and **ORDERED** in Fort Myers, Florida on November 16, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3